# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 04-1276

JOSEPH L. VAN PATTEN,

*Petitioner-Appellant,*

*v.*

JEFFREY P. ENDICOTT,[1]

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 C 1014—**Rudolph T. Randa**, *Chief Judge.*

———————

SUBMITTED MARCH 26, 2007—DECIDED JUNE 5, 2007
PUBLISHED JUNE 29, 2007 [2]

———————

Before COFFEY, EVANS, and WILLIAMS, *Circuit Judges.*

PER CURIAM. After being convicted in the Wisconsin
state courts upon a plea of no contest to a charge of first
degree reckless homicide (with a penalty enhancement
for committing the offense while using a dangerous
weapon), Joseph L. Van Patten was sentenced to a term of
25 years. After exhausting his remedies in state court, Van

———————

[1] Jeffrey P. Endicott is now the correct defendant in this case.

[2] This decision was originally released as an unpublished order.
By the court's own motion, it is being reissued as a published
opinion.

Patten filed a petition for federal habeas relief (28 U.S.C. § 2254), which the district court denied. On appeal, we granted the petition, holding that the state court proceeding—where his lawyer appeared via speakerphone at the critical hearing when the no contest plea was entered—was, under the circumstances, a violation of Van Patten's right to counsel as analyzed under *United States v. Cronic*, 466 U.S. 648 (1984). Our opinion is reported at *Van Patten v. Deppish*, 434 F.3d 1038 (7th Cir. 2006).

After a petition for panel rehearing (and for rehearing en banc) was denied, the respondent filed a petition for certiorari. While that petition was pending, the Supreme Court decided *Carey v. Musladin*, 127 S. Ct. 649 (2006), another case addressing a claim under § 2254. The Supreme Court then remanded this case to us for further consideration in light of its new ruling.

Nothing in *Musladin* requires that our 2006 opinion be changed. The petitioner in *Musladin* claimed that his trial was unfair because spectators in the courtroom wore buttons bearing the image of the victim. The Supreme Court held that he was not entitled to relief under § 2254 because there was no "clearly established Federal law" holding that conduct by courtroom spectators deprives a defendant of a fair trial. While the Supreme Court had previously addressed claims based on state-sponsored courtroom practices, the effect of conduct by spectators was "an open question" in the Court's jurisprudence.

Unlike *Musladin*, this case does not concern an open constitutional question. The Supreme Court has long recognized a defendant's right to relief if his defense counsel was actually or constructively absent at a critical stage of the proceedings. Neither § 2254 nor *Musladin* limits relief to the precise factual situations addressed in the Supreme Court's previous cases. The technology employed in taking Van Patten's no contest plea (the use

of a speakerphone) may have been novel, but the legal principle presented by the case was not. Our 2006 opinion and judgment are reinstated.

COFFEY, *Circuit Judge*, dissenting. The United States Supreme Court vacated the prior judgment and remanded this case to this court for further proceedings to determine whether to amend our opinion in view of its decision in *Carey v. Musladin,* 127 S. Ct. 649 (2006). The Majority let stand our opinion in *Van Patten v. Deppisch,* 434 F.3d 1038 (7th Cir. 2006), *vacated sub nom. Schmidt v. Van Patten,* 127 S. Ct. 1120 (2007).

The Majority Opinion does not comport with *Musladin.* In *Musladin,* the court instructed lower courts to read 28 U.S.C. § 2254(d)(1) narrowly. Section 2254 of Title 28 of the United States Code provides that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States,

28 U.S.C. § 2254(d)(1).

Lower courts ruling after *Musladin* have heeded this directive and have denied habeas corpus relief in situations in which state courts did not rule contrary to or unreasonably apply clearly established United States Supreme Court holdings (not dicta). *See, e.g., Nguyen v. Garcia,* 477 F.3d 716 (9th Cir. 2007); *Locke v. Cattell,* 476 F.3d 46 (1st Cir. 2007); *Stewart v. Secretary, Department of Corrections,* 476 F.3d 1193 (11th Cir. 2007).

*To the best of my knowledge, the United States Supreme Court has never held that an attorney is presumed to be ineffective if he participates in a plea hearing by speaker phone rather than by physical appearance.* No such case has been cited to us and no factual situation of this nature has come to the court's attention. Thus, I do not conclude that the decision of the Wisconsin Court of Appeals was erroneous. The Majority has not followed the language in *Musladin* where Justice Thomas, writing for the Court, holds that "given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct". . . . "the Court of Appeals improperly concluded that the California Court of Appeal's decision was contrary to or an unreasonable application of clearly established federal law as determined by this Court," *Musladin*, 127 S. Ct. at 654. In Van Patten's case the record reveals no prejudice to the petitioner and the petitioner did not object during the proceedings. Therefore, I respectfully DISSENT from the court's erroneous decision to allow *Van Patten v. Deppisch* to stand as written.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*