## FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHIRLEY REE SMITH,
　　　　　　*Petitioner-Appellant,*

v.

DEBORAH L. PATRICK, Warden,
　　　　　　*Respondent-Appellee.*

No. 04-55831

D.C. No.
CV-01-04484-ABC

ORDER

Filed February 27, 2008

Before: Harry Pregerson and William C. Canby, Jr.,
Circuit Judges, and Edward C. Reed, Jr.,* District Judge.

---

## ORDER

The State has filed a petition for panel and en banc rehearing of our order reinstating our decision granting habeas corpus relief to appellant Smith. *See Smith v. Patrick*, 508 F.3d 1256 (9th Cir. 2007). By supplemental letter, *see* Fed. R. App. P. 28(j), the State has called our attention to the Supreme Court's recent decision in *Wright v. Van Patten*, 128 S. Ct. 743 (2008) (per curiam). In *Van Patten*, the Seventh Circuit had held that an attorney's appearance by speaker phone at a plea hearing constituted ineffective assistance of counsel that was inherently prejudicial under *United States v. Cronic*, 466 U.S. 648 (1984). *See Van Patten v. Deppisch*, 434 F.3d 1038 (7th Cir. 2006). The Supreme Court vacated the decision and remanded for reconsideration in light of *Carey v. Musladin*, 127 S. Ct. 649 (2006). *See Schmidt v. Van Patten*, 127 S. Ct. 1120 (2007) (mem.). On remand, the Seventh Circuit adhered

---

*The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

to its earlier decision. *Van Patten v. Endicott*, 489 F.3d 827 (7th Cir. 2007). The Supreme Court then reversed, holding that it had never addressed the question whether counsel's "participation by speaker phone should be treated as a 'complete denial of counsel,' on par with total absence." 128 S. Ct. at 746. Because the Supreme Court had not addressed that question, the state court could not have unreasonably applied clearly established federal law as determined by the Supreme Court. *Id.* at 747; *see* 28 U.S.C. § 2254(d)(1).

For the same reason that we determined that *Musladin* did not affect our decision in *Smith*, we conclude that *Van Patten* does not, either. *Van Patten* addresses an entire class of cases under the Supreme Court's jurisprudence applying the standards set by *Strickland v. Washington*, 466 U.S. 668 (1984), for ineffective assistance of counsel. Whether appearance of counsel by telephone is structural error is an issue "for another day" that the Supreme Court may address to establish a rule for innumerable cases in the future. *See* 128 S. Ct. at 747.

*Smith* is quite a different matter. The standard for constitutional insufficiency of evidence is established by *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). There are infinite potential scenarios in which the evidence may be insufficient to convict; the standard is simply whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* A decision by the Supreme Court that, under a particular set of facts, the constitutional *Jackson* standard was or was not met, provides no guide for future decisions addressing different facts. Thus the governing standard is *Jackson* itself, if *Jackson* is to be given any effect in the habeas context in which it arose. *Jackson* is law clearly established by the Supreme Court, and an unreasonable application of *Jackson* by the state appellate court in Smith's case therefore permits federal habeas relief under 28 U.S.C. § 2254(d)(1).

Accordingly, the panel, as constituted above, has unanimously voted to deny the petition for panel rehearing. Judge Pregerson has voted to deny the petition for rehearing en banc, and Judges Canby and Reed have so recommended.

The petition for en banc rehearing has been circulated to the full court along with this order, and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35(b).

The petition for panel rehearing and the petition for rehearing en banc are **DENIED**.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.