Joseph L. VAN PATTEN, Petitioner–Appellant,

v.

Randall WRIGHT, Shawano County Sheriff, Respondent–Appellee.

No. 04–1276.

United States Court of Appeals, Seventh Circuit.

June 16, 2008.

Linda T. Coberly, Winston & Strawn, Chicago, IL, for Petitioner–Appellant.

Christopher Wren, Office of the Attorney General Wisconsin Department of Justice, Madison, WI, for Respondent–Appellee.

Before JOHN L. COFFEY, Circuit Judge, TERENCE T. EVANS, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge.

### ORDER

This case has been the subject of two reported opinions from our court. *See Van Patten v. Deppisch*, 434 F.3d 1038 (7th Cir.2006), and *Van Patten v. Endicott*, 489 F.3d 827 (7th Cir.2007). Its history will not be repeated here.

Earlier this year, the Supreme Court determined that *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), not *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), is the correct authority for reviewing Joseph Van Patten's claim that he was denied his Sixth Amendment right to the effective assistance of counsel during the proceedings against him in the Circuit Court for Shawano County, Wisconsin. *See Wright v. Van Patten*, —— U.S. ——, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (per curiam). As we made clear in our first opinion, and reiterate here, Van Patten's claim cannot succeed under *Strickland*.

Accordingly, we direct the district court to vacate its order (entered earlier at our direction) granting Mr. Van Patten's petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court should

then enter an order dismissing Mr. Van Patten's petition.

SO ORDERED.

COFFEY, Circuit Judge, concurring.

This case has been the subject of two reported opinions from our Court. *See, Van Patten v. Endicott,* 489 F.3d 827 (7th Cir.2007), *rev'd, Wright v. Van Patten,* — U.S. ——, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008); *Van Patten v. Deppisch,* 434 F.3d 1038 (7th Cir.2006). A complete history will not be repeated here.

Earlier this year, in *Wright v. Van Patten,* — U.S. ——, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008), the Supreme court determined that the correct authority for reviewing Van Patten's ineffective assistance of counsel claim that he was denied his Sixth Amendment right, *vis-a-vis,* the use of a telephone in accepting his guilty plea during the proceedings in the Circuit Court for Shawano County, is *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Wisconsin. *See, Wright v. Van Patten,* — U.S. ——, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (per curiam). Further, the Court held that the state court proceeding did not result in a decision that was contrary to or an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States, 28 U.S.C., § 2254(d)(1).

The Supreme Court also reversed our judgment in *Van Patten v. Endicott,* 489 F.3d 827 (7th Cir.2007), *rev'd, Wright v. Van Patten,* — U.S. ——, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) and remanded the case to this court to comply with the Court's order.