NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 16, 2008

**Before**

JOHN L. COFFEY, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 04-1276 | |
| JOSEPH L. VAN PATTEN, | Appeal from the United States |
|     *Petitioner-Appellant,* | District Court for the Eastern |
| | District of Wisconsin. |
|     *v.* | |
| | No. 98 C 1014 |
| RANDALL WRIGHT, | |
| Shawano County Sheriff, | Rudolph T. Randa, |
|     *Respondent-Appellee.* | *Chief Judge*. |

**O R D E R**

COFFEY, *Circuit Judge*, concurring. This case has been the subject of two reported opinions from our Court. <u>See</u>, *Van Patten v. Endicott*, 489 F.3d 827 (7th Cir.), *rev'd, Wright v. Van Patten*, 489 F.3d 827 (2007); *Van Patten v. Deppisch* , 434 F.3d 1038 (7th Cir.) (2006). A complete history will not be repeated here.

Earlier this year, in *Wright v. Van Patten*, 128 S.Ct., 743 (2008), the Supreme court determined that the correct authority for reviewing Van Patten's ineffective assistance of

counsel claim that he was denied his Sixth Amendment right, *vis-a-vis*, the use of a telephone in accepting his guilty plea during the proceedings in the Circuit Court for Shawano County, is *Strickland v. Washington,* 466 U.S. 668 (1984), Wisconsin. <u>See</u>, *Wright  v. Van Patten*, 128 S.Ct. 743 (2008) (per curium).  Further, the Court held that the state court proceeding did not result in a decision that was contrary to or an unreasonable application of clearly established Federal Law, as determined by the Supreme Court of the United States, 28 U.S.C., § 2254(d)(1)).

The Supreme Court also reversed our judgment in *Van Patten v. Endicott,* 489 F.3d 827 (7th Cir.), *rev'd, Wright v. Van Patten,* 489 F.3d 827 (2007) and remanded the case to this court to comply with the Court's order.