FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| Christopher Barajas,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>Mike Knowles, Warden; et al.,<br><br>        Respondents - Appellees. | No. 08-17321<br><br>D.C. No.<br>2:01-cv-01572-JAM-JFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted July 15, 2010
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.[**]

Christopher Barajas appeals the district court's denial of his petition for a

writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253. The parties are familiar with the facts of the case, so we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

repeat them here only to the extent necessary to explain our decision. We review de novo the district court's denial of the habeas petition, *see Koerner v. Grigas*, 328 F.3d 1039, 1045 (9th Cir. 2003), and we affirm.

Barajas's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, a state prisoner is entitled to relief if the state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "The relevant state court determination for purposes of AEDPA review is the last reasoned state court decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008). Here, we review the decision of the California Court of Appeals to determine whether habeas relief is available under AEDPA.

Barajas contends that his conviction was based on false evidence presented at trial; however, he does not argue that the prosecutor either knew or should have known that the evidence was false. Pursuant to 28 U.S.C. § 2254(d)(1), in order for Barajas to be entitled to habeas relief, he must show that the United States

2

Supreme Court has clearly established the rule that the admission of perjured testimony, unknown by the prosecutor to be false, violates due process.

In determining what law has been clearly established for purposes of § 2254(d)(1), Supreme Court holdings are to be "construed narrowly and consist only of something akin to on-point holdings." *House v. Hatch*, 527 F.3d 1010, 1015 (9th Cir. 2008). When a Supreme Court decision does not squarely address an issue or establish a legal principle that clearly extends to a new context to the extent required by the Supreme Court, "it cannot be said, under AEDPA, there is 'clearly established' Supreme Court precedent addressing the issue before us, and so we must defer to the state court's decision." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (citing *Wright v. Van Patten*, 552 U.S. 120, 125 (2008)). When Supreme Court decisions provide a "controlling legal standard," *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007), "that is applicable to the claims raised by a habeas petitioner without 'tailoring or modification' of the standard, [*Smith v. Patrick*, 508 F.3d 1256, 1260 (9th Cir. 2007)], the question is then whether the application of that standard was objectively unreasonable, even if the facts of the case at issue are not identical to the Supreme Court precedent." *Moses*, 555 F.3d at 754.

It is well-settled that "the Fourteenth Amendment cannot tolerate a state criminal conviction obtained by the **knowing** use of false evidence." *Miller v. Pate*, 386 U.S. 1, 7 (1967) (emphasis added). However, the rule that Barajas seeks to enforce has not been resolved in the Supreme Court's precedents and, thus, is not clearly established. *Briscoe v. LaHue*, 460 U.S. 325, 326 n.1 (1983) ("The Court has held that the prosecutor's knowing use of perjured testimony violates due process, but has not held that the false testimony of a police officer in itself violates constitutional rights." (citing *United States v. Agurs*, 427 U.S. 97, 103, and nn.8-9 (citing cases))); *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 370 (9th Cir. 1998) ("[I]t appears to be an open question whether allegations of perjury, without more, state a due process claim[.]" (citing *Briscoe*, 460 U.S. at 326 n.1)). Consequently, the district court was correct in denying Barajas's petition.

The California court's rejection of Barajas's claim was neither contrary to nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). Because Barajas failed to raise a colorable claim for relief, *see Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001), his contention that he is entitled to an evidentiary hearing on his claim lacks merit.

**AFFIRMED**.