NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 2, 2008[*]
Decided October 7, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-1826

| | |
|---|---|
| DONTRELL LEFLORE, *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 04-C-0567 |
| WILLIAM POLLARD, *Respondent-Appellee.* | William E. Callahan, Jr. *Magistrate Judge.* |

**O R D E R**

In 2001 Dontrell LeFlore was convicted in Wisconsin state court of reckless homicide, recklessly endangering safety, fleeing an officer, and fleeing the scene of an accident. After LeFlore exhausted his state remedies, he petitioned for relief under 28 U.S.C. § 2254. The district court denied his petition but certified the appealability of his claim for ineffective

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

assistance of counsel. Because the Wisconsin Court of Appeals did not unreasonably apply *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm.

During jury selection for LeFlore's trial, at which he was charged with crashing into another car and killing an innocent person while fleeing the police, the trial judge asked the prospective jurors whether they had ever been victims of an accident. Juror number three responded that he had been attacked on a city bus ten years earlier and, in response to further questioning by the court, said that the case had gone to trial. When asked if the incident might bias him in any way, juror number three responded: "It's hard to say. I don't know whether it would or not. I suppose I couldn't say until – ." At that point the judge cut off the juror, saying: "I'm sure the lawyers will follow up. That's it for now." LeFlore's lawyer then pressed juror number three on the issue, forcing him to admit that he had felt "intimidated" and "vulnerable" during the attack. And when asked if his close friend or relative who was a law enforcement officer might influence his deliberations as a member of the jury, juror number three responded, "I don't think so."

Following his trial, LeFlore filed a motion attacking his lawyer's failure to challenge juror number three either peremptorily or for cause during voir dire. After the motion was denied by the trial court and the judgment affirmed by the Wisconsin Court of Appeals, the Wisconsin Supreme Court denied LeFlore's petition for review. LeFlore then filed a federal petition for a writ of habeas corpus, which was denied by a magistrate judge hearing the case at the parties' consent.

On appeal LeFlore first argues that he was denied his right to an impartial jury because several jurors, including juror number three, were biased. But the magistrate judge declined to issue a certificate of appealability on this issue because LeFlore procedurally defaulted it when the state court of appeals determined that he had waived it by failing to move to strike juror number three for cause. *See, e.g.*, *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (state prisoners must exhaust their state remedies for federal court to review § 2254 petition). We therefore will not review this argument.

LeFlore next argues that he was denied effective assistance of counsel when his trial attorney failed to strike juror number three. He asserts that his lawyer's failure to strike the juror prejudiced his trial. We review the magistrate judge's legal conclusions de novo and his findings of fact for clear error. *Bintz v. Bertrand*, 403 F.3d 859, 865 (7th Cir. 2005). LeFlore's petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The writ may issue only if the state appellate court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding," *id.* § 2254(d)(2). A state court's application of clearly established federal law is "acceptable, even if it is likely incorrect, so long as it is reasonable." *Johnson v. Loftus*, 518 F.3d 453, 456 (2008) (citing *Wright v. Van Patten*, 128 S. Ct. 743 (2008)). Claims of ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires LeFlore to show that trial counsel's performance fell below minimal professional standards and that this alleged deficiency prejudiced him. *See Suggs v. United States*, 513 F.3d 675, 678 (2008).

Here, the Wisconsin Court of Appeals did not unreasonably apply *Strickland*. The state court determined that LeFlore's attorney was not deficient because he "performed exactly as proficient counsel should." After the trial judge discovered that juror number three had been the victim of a beating on a bus, LeFlore's trial counsel immediately posed several follow-up questions to the juror about his state of mind, which did not reveal an inability for juror number three to remain impartial. The attorney thus made the strategic decision not to strike the juror, which is, under *Strickland*, "virtually unchallengeable." *Strickland*, 466 U.S. at 690. And although juror number three replied "I don't think so" when asked if his close friend or relative who was a law enforcement officer might influence his duties as a juror, Wisconsin does not recognize equivocal answers as establishing a grounds for a challenge for cause. *See State v. Erickson*, 596 N.W.2d 749, 759 (Wis. 1999) ("[A] prospective juror need not respond to voir dire questions with unequivocal declarations of impartiality."). LeFlore therefore fails to show how the state appellate court's decision unreasonably applied *Strickland*.

AFFIRMED.