**Carlos IBARRA, Petitioner–Appellant,**

v.

**Stuart J. RYAN, Respondent–Appellee.**

No. 07–55864.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2009.*

Filed Feb. 10, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Carla J. Johnson, Esq., Long Beach, CA, for Petitioner–Appellant.

Kenneth John Kao, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before HALL, SILVERMAN, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Carlos Ibarra appeals the district court's denial of his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Because the parties are familiar with the facts, we only repeat them as necessary to understand our disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Ibarra argues that, by denying him a continuance, the trial court prevented him from obtaining a witness crucial to his defense of mistaken identity. He also claims that the prosecutor disclosed the police report of a similar crime late, impairing his ability to present his defense. Ibarra must show the trial court's

> adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court . . .; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. . . . 28 U.S.C. § 2254(d).

He is unable to make such a showing.

Clearly established Federal law regarding the denial of continuances is set out at a high level of generality, requiring only that the state court consider the relevant circumstances-including more than time considerations-before denying a continuance. *See Ungar v. Sarafite*, 376 U.S. 575, 589–90, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). Because the trial court heard extensive argument on the issue and cited more than mere time concerns in its decision, Ibarra is unable to show that it acted contrary to, or unreasonably applied, that clearly established federal law.[1] *See* 28 U.S.C. § 2254(d); *see also Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."); *cf. Wright v. Van Patten*, 552 U.S. 120, 128 S.Ct. 743, 747, 169 L.Ed.2d 583 (2008) (denying habeas relief where Supreme Court precedent provides

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1. Ibarra attempts to re-characterize the trial court's actions more generally as a derogation of his right to present a defense and cites different Supreme Court authority. Nonetheless, the cases he cites arise in the context of exclusion of evidence and so do not provide clear authority for habeas relief in his case, which concerns the denial of a continuance. *See Wright v. Van Patten*, 552 U.S. 120, 128 S.Ct. 743, 747, 169 L.Ed.2d 583 (2008); *see generally Chambers v. Mississippi*, 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973); *Washington v. Texas*, 388 U.S. 14, 23, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

"no clear answer to the question present-ed").

Furthermore, Ibarra is unable to show that the lack of a continuance "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation marks omitted). At best, the potential witness would have established only that Ibarra did not commit another, similar assault. Though that evidence might bear some tenuous link to Ibarra's guilt in this case, the testimony was too speculative, cumulative, and minor a part of his defense to have had a "substantial and injurious effect" on the jury's verdict. *Id.*

Ibarra's second argument is similarly unpersuasive. He contends that the prosecutor's late disclosure of evidence of a similar crime prevented him from presenting critical evidence. However, *Brady v. Maryland* provides no clear rule authorizing habeas relief when the material is actually disclosed, albeit during the early stages of trial. *See* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Wright*, 128 S.Ct. at 747. Moreover, as discussed above, Ibarra cannot show the evidence would have been material either to guilt or punishment, as *Brady* requires. *See* 373 U.S. at 87, 83 S.Ct. 1194.

AFFIRMED.