**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted October 8, 2009[*]

Decided October 21, 2009

Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No**. 08-1407 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| HARVEY E. POWERS, *Petitioner-Appellant*, | |
| **v.** | No. 04-C-471 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | J.P. Stadtmueller, *Judge*. |

**Order**

Seven defendants in this RICO prosecution were tried jointly; an eighth pleaded guilty; Harvey Powers, the ninth, was tried six months later, after his lawyer withdrew shortly before the joint trial.

Powers's new lawyer asked the district court to provide him with transcripts of the co-defendants' trial, or alternatively to allow extra time for preparation. The judge granted this motion in part; transcripts of some but not all of the proceedings were

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

completed in time for new counsel to use them in preparation for Powers's trial. After Powers was convicted, his lawyer presented five substantive issues on appeal. He also alluded to the transcript question, and our opinion affirming all nine defendants' convictions and sentences stated:

> Powers, for example, wanted more time so that his new lawyer could work through the voluminous record. Yet counsel had six months for this purpose—and the invaluable benefit of watching the other seven defendants' trial. That preview of the evidence and strategy was worth many additional months of preparation time.

*United States v. Warneke*, 310 F.3d 542, 549 (7th Cir. 2002). Powers then filed a collateral attack under 28 U.S.C. §2255, contending that his lawyer furnished ineffective assistance by not obtaining the complete transcript of his co-defendants' trial. The district court denied the motion.

It is difficult to see how trial counsel can be accused of ineffective assistance. Counsel made the very requests that Powers says were essential. And Powers's attack on his appellate lawyers fares no better. They did not make the transcript question a separate issue on the brief, but they did allude to it clearly enough that this court addressed it. Appellate counsel presented five distinct and substantial issues on Powers's behalf. Powers received the benefit of vigorous advocacy. A single lapse in the course of vigorous advocacy does not violate the sixth amendment. See *Williams v. Lemmon*, 557 F.3d 534 (7th Cir. 2009). Powers does not now contend that the transcript issue was obviously better than the five issues actually raised; the fact that this court rejected it on the merits shows that it was not an obvious winner.

Powers now contends that we should ignore his former lawyers' vigorous advocacy and treat him as if he had no lawyer at all. This line of argument, based on *United States v. Cronic*, 466 U.S. 648 (1984), misunderstands the scope of that decision. As the Justices explained in *Bell v. Cone*, 535 U.S. 685 (2002), and reiterated in *Wright v. Van Patten*, 552 U.S. 120 (2008), *Cronic* applies only when the defendant did not have the benefit of counsel at an important stage of the case, or the lawyer wholly failed to perform as an advocate; it does not represent a means to get around the ordinary requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), just because counsel may have blundered. Not that Powers's lawyers did blunder; to repeat, they made the very motions (for full transcripts or a continuance) that current counsel says were essential. Doubtless a full transcript of the co-defendants' trial would have been useful. But most defendants in criminal prosecutions go to trial without any preview of the prosecution's case. That Powers's lawyers may have had only an incomplete preview does not remotely equate to the absence of any lawyer or a collapse of the adversarial system.

AFFIRMED