**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 8, 2009[*]
Decided December 9, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 08-2355

| | |
|---|---|
| MICHAEL MORGAN, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | No. 1:07-cv-763-DFH-JMS |
| LORI CALDERONE, | David F. Hamilton, |
| *Respondent-Appellee*. | *Judge*. |

**O R D E R**

Michael Morgan was convicted in Indiana state court of criminal confinement after
he confessed and pleaded guilty to holding his then-wife at gunpoint.   Believing he was
deprived of his Sixth Amendment right to effective assistance of counsel, Morgan sought

---

[*]After examining the briefs and record, we have concluded that oral argument is
unnecessary.  Thus, the appeal is submitted on the briefs and record.  *See* FED. R. APP. P.
34(a)(2).

post-conviction relief in Indiana state courts. After being rebuffed at all stages, Morgan petitioned for a federal writ of habeas corpus under 28 U.S.C. § 2254. The district court denied the petition and refused to grant a certificate of appealability. Morgan appealed, and we certified the appeal to decide whether Morgan's counsel was ineffective under *United States v. Cronic*, 466 U.S. 648 (1984). We affirm the district court's judgment.

In his state post-conviction petition, Morgan asserted that his appointed counsel, Michael Rader, was ineffective in three essential ways. First, he argued that Rader should have challenged the voluntariness of his confession and the validity of the victim's testimony because both Morgan and the victim had a history of mental illness. Second, Morgan asserted that Rader should have tried to exclude police reports pertaining to his arrest. Finally, Morgan faulted Rader for failing to advise him before he pleaded guilty: Morgan said Rader never saw him outside the courtroom, never interviewed him or advised him of his rights, and merely forwarded him a copy of the state's proposed guilty plea with a personal letter recommending that he accept the offer. The state trial court disbelieved these assertions and granted the state's motion for summary judgment.

The Indiana Court of Appeals affirmed. The court expressed "no difficulty" in concluding that, even accepting Morgan's factual allegations as true, Rader's deficiencies were not "of the magnitude" contemplated by *Cronic* to merit a presumption of prejudice. *Morgan v. State,* No. 84A05-0602-PC-82, 2006 WL 2439809, *6 (Ind. Ct. App. 2006). The Indiana Supreme Court declined review.

Morgan renewed his claims against Rader in a federal petition for a writ of habeas corpus. The district court denied the petition. The district court recognized that *Cronic* affords a presumption of prejudice in three exceptional circumstances: where there is a "complete denial of counsel," where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing," or where outside circumstances prevent effectiveness. *Cronic*, 466 U.S. at 659-60. The court saw "no basis" in the record for Morgan to formulate his *Cronic* argument as a "complete denial of counsel," and went on to accept as reasonable the state court's determination that Rader did not fail to test the prosecution's case. *Morgan v. Calderone*, No. 1:07-cv-763-DFH-JMS, 2008 WL 2095526, *3 & n.1 (S.D. Ind. 2008). Morgan appeals the district court's decision.

Our review of the state court's decision is governed by the Antiterrorism and Effective Death Penalty Act. Under the AEDPA Morgan is entitled to a writ of habeas corpus if the state court reached a decision that is (1) "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was "based on an unreasonable determination of the facts in light

of the evidence presented." 28 U.S.C. § 2254(d); *see Arredondo v. Huibregtse*, 542 F.3d 1155, 1167-68 (7th Cir. 2008).

On appeal Morgan reasserts that Rader's performance violated *Cronic*.[1] Rader's performance was so deficient, Morgan contends, that it effectively denied him counsel and prevented him from testing the strength of the prosecution's case. Morgan also argues that the state appellate court's determination that his case was not of sufficient "magnitude" to merit a presumption of prejudice was "contrary to" and an "unreasonable application of" federal law under § 2254(d)(1).

First, the state court's decision was not "contrary to" the Supreme Court's decision in *Cronic*. A state court's decision is "contrary to" federal law if it applies the wrong standard or "decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002); *see also Arredondo*, 542 F.3d at 1167. Morgan does not argue that the state court misapplied *Cronic* as the standard governing his petition, and since there are no Supreme Court cases based on "materially indistinguishable facts," the state court's refusal to apply *Cronic* could not be contrary to federal law.

As for the "unreasonable application" prong of AEDPA, the state court reasonably concluded that Morgan suffered no *Cronic* violation. Our review of a state court's application of clearly established federal law is deferential: we will accept the application "even if it is likely incorrect, so long as it is reasonable." *Johnson v. Loftus*, 518 F.3d 453, 456 (7th Cir. 2008). Here, the state court reasonably applied both the first and second exceptions set forth in *Cronic*. A "complete denial of counsel" claim would require Morgan to show that Rader was "totally absent" or that he was "prevented from assisting during a critical stage of the proceedings." *Cronic*, 466 U.S. at 659 & n.25. To show that Rader failed to test the prosecution's case, Morgan would have to demonstrate that Rader's failure was "complete" and persistent throughout the entire proceedings. *Bell*, 535 U.S. at 697. But Morgan cannot show that Rader was deficient under either of these theories because Rader negotiated Morgan's plea agreement and attended his plea hearing.

Furthermore, the state court's conclusions are reasonable in light of the Supreme Court's recent case law narrowing the scope of *Cronic*. Last year, for instance, the Court

---

[1] We granted a certificate of appealability exclusively on the application of *Cronic* and not the more commonly invoked case of *Strickland v. Washington*, 466 U.S. 668 (1984). The district court concluded (and Morgan does not contest) that he forfeited his right to assert a claim under that case by not raising it in the state courts.

concluded that none of its decisions clearly established that *Cronic* should apply to an ineffective-assistance case in which counsel participated in a plea hearing by speakerphone. *Wright v. Van Patten*, 552 U.S. 120, 125 (2008).   In an earlier case, the Court also declined to hold that "in every case counsel's failure to consult with the defendant . . . is necessarily unreasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000) (evaluating duty to consult in context of bringing an appeal).  Given this precedent, and the Court's general reluctance to apply *Cronic* to claims of ineffective assistance arising from a plea hearing, *see Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985), we cannot say that the state court unreasonably applied *Cronic*.

Finally, Morgan asserts without elaboration that we should grant his petition because the state court's decision involved "an unreasonable determination of the facts."  28 U.S.C. § 2254(d)(2); *Pole v. Randolph*, 570 F.3d 922, 935 (7th Cir. 2009).  It would be impossible for Morgan to demonstrate unreasonable fact-finding in this case because the Indiana Court of Appeals, while upholding the summary judgment decision, presumed Morgan's factual allegations to be true.  Since the state court accepted the truth of Morgan's assertions, the decision to deny relief does not "'rest[] upon a determination of fact that lies against the clear weight of the evidence,'" *Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir.), *cert denied*, 129 S. Ct. 2890 (2009), and Morgan cannot show that the court made an "unreasonable determination of the facts."

AFFIRMED.