**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY MAGEE, | No. 08-17337 |
| Petitioner - Appellant, | D.C. No. 1:06-cv-01304-AWI-GSA |
| v. | |
| KATHY MENDOZA-POWERS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted October 4, 2010
San Francisco, California

Before: HUG, RYMER and N.R. SMITH, Circuit Judges.

Jimmy Magee appeals the district court's denial of his habeas corpus petition

under 28 U.S.C. § 2254. We affirm.

I

--------

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The California Court of Appeal's determination that Magee was not denied his Sixth Amendment rights, because his trial counsel declined to impeach prosecution witness Marlena Bruce, was neither contrary to, nor an unreasonable application of, Supreme Court precedent. Magee failed to show prejudice by demonstrating that, but for his counsel's purportedly deficient performance, the result of his criminal trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

First, the evidence offered at trial was either independently sufficient to convict or significantly corroborated Bruce's testimony. Indeed, the evidence in support of count one (arson of property) and count two (possession/manufacture of flammable materials with intent to set a fire) was overwhelming. The prosecution presented four witnesses (aside from Bruce) who testified that: (1) Magee visited the victims' residence earlier in the evening and caused a disturbance; (2) Magee threatened the victims over the phone shortly before the arson; (3) Magee purchased gasoline and King Cobra liquor from a store near the victims' residence; and (4) the incendiary device was made with a King Cobra bottle, filled with gasoline, and ignited with a wick consisting of material that matched Magee's shirt, which was missing both sleeves. Magee himself admitted to arguing with the victims on the phone and visiting their residence to demand that one of them

2

"come out" and confront him. Even without Bruce's testimony, the jury had more than sufficient evidence to convict.

Although Bruce's testimony was more significant to count three (making criminal threats), her testimony was corroborated by other witnesses' and Magee's own testimony that (1) Magee was under the influence of alcohol and drugs that evening; (2) Magee caused disturbances and made similar threats to the other victims; (3) Magee was staying at Bruce's house and used her telephone; and (4) Bruce "put [Magee] out" after he smoked marijuana and asked to use her phone in the middle of the night. In light of this evidence, it is doubtful that introduction of an unrelated misdemeanor conviction would have diminished the jury's confidence in Bruce's testimony that Magee threatened her.

## II

Further, the state court's determination that there was no conflict of interest was not an objectively unreasonable application of Supreme Court precedent. Magee failed to establish an actual conflict by showing (1) his "counsel actively represented conflicting interests," and (2) the "conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).

First, Magee's attorney was not actively representing conflicting interests because (1) he never represented Bruce personally, (2) he did not have access to

3

Bruce's confidential information, (3) his office no longer had an active file on Bruce, (4) the attorney who represented Bruce no longer worked for the public defender's office, and (5) Bruce had completed her probation before Magee's trial. Moreover, any purported successive conflict of interest problem did not conflict with Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (when Supreme Court "cases give no clear answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law" (internal quotation marks and citations omitted)). Lastly, it was not objectively unreasonable for the state appellate court to conclude that counsel's view on the admissibility of the misdemeanor conviction was a misunderstanding of the law rather than the result of lingering solicitude to Bruce.

**AFFIRMED.**