**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 14 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIE DORSEY CANTRELL, | No. 09-55386 |
| Petitioner-Appellant, | D.C. No. 3:07-cv-00354-W-POR |
| v. | |
| L. S. MCEWEN, Acting Warden; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Submitted August 29, 2011[**]
Pasadena, California

Before: SCHROEDER and GOULD, Circuit Judges, and SEEBORG, District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

Willie Dorsey Cantrell ("Appellant") appeals the district court's denial of his petition for writ of habeas corpus after his conviction on four counts of committing a lewd act upon a child under California Penal Code § 288(a). He contends that the trial court violated his Sixth Amendment right to a jury trial when it imposed an upper term sentence based on aggravating factors that were not submitted to the jury. He also argues that the trial court violated his constitutional right to present a defense when it excluded his proposed expert witness offered for the proposition that child witness testimony could be subject to suggestion. As Appellant's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. Under the AEDPA, a writ of habeas corpus may not be granted unless the state court decision was either: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

The California Court of Appeal, in the last reasoned state court decision, erred when it concluded that imposition by the trial court of the upper term sentence on the principal count on facts not submitted to the jury was nonetheless

2

consistent with *Blakely v. Washington*, 542 U.S. 296 (2004). *See Cunningham v. California*, 549 U.S. 270, 293 (2007) (holding that the middle term in California's sentencing statute, and not the upper term, represents the statutory maximum). Specifically, the trial court based the upper term sentence on two aggravating factors: that Appellant's conduct was egregious and that he had previously molested another child.

Despite the sentencing error, Appellant is not entitled to habeas relief because the error was harmless. *See Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *Washington v. Recuenco*, 548 U.S. 212 (2006)). Under that standard, a reviewing court must grant relief if "grave doubt" exists as to whether a jury would have found the facts on which the trial court relied for the sentencing enhancement beyond a reasonable doubt. *Id.* (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995) (internal quotation marks omitted)). The record established that the victim was eight years old when Appellant molested her. The record also established that Appellant was married to the victim's grandmother, was staying with the victim and her family at the time of the molestation, and was seen as a grandfather by the victim. California Rule of Court 4.421 includes as aggravating factors that the victim was particularly vulnerable and that the perpetrator took

advantage of a position of trust or confidence. On this record, there is no "grave doubt" that the jury would have found both of these factors.

The California appellate and Supreme courts also upheld the trial court's decision to exclude the testimony of Appellant's expert witness. The witness would have testified about the theory of suggestibility, which proposes that an interviewer's bias can contaminate the memory and responses of the person being interviewed. United States Supreme Court cases on evidentiary rules "do not squarely address whether a court's exercise of discretion to exclude expert testimony violates a criminal defendant's constitutional right to present relevant evidence." *Moses v. Payne*, 555 F.3d 742, 758 (2009) (citing *Wright v. Van Patten*, 552 U.S. 120, 125 (2008)). Furthermore, the Supreme Court has not established "a controlling legal standard" to evaluate discretionary decisions involving such evidence. *See id.* at 758–59 (internal quotation marks and citation omitted).

Instead, a rule allowing a court to exercise discretion in admitting expert testimony is the type of "well-established rule[] of evidence" described approvingly by the Supreme Court. *See id.* at 758 (quoting *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) (internal quotation marks omitted)). Appellant's proposed expert witness had no specific information regarding what

happened when the victim reported the molestation to her mother. In his proposed testimony, he only offered that he was sure the mother's questioning could have resulted in contamination. The state appellate court's reasoned decision that an insufficient foundation had been laid to support an opinion that the mother contaminated the victim's responses is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See id.* at 759. Thus, Appellant is not entitled to habeas relief based on the exclusion of the proposed expert testimony.

**AFFIRMED**.