[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14171
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-cv-60852-WPD

CARL ELLIOTT,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Carl Elliott, a Florida state prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2254 petition. After careful review of the parties' briefs and the record, we affirm.

I.

In November 2002, a Florida court sentenced Elliott to twenty months imprisonment, followed by a term of probation of twenty years. In April 2006, a probation officer filed an affidavit in state court, alleging that Elliott had violated three conditions of his probation. Specifically, the probation officer alleged that on February 5, 2006, Elliott 1) possessed cocaine in violation of Florida law, 2) associated with others engaged in criminal activity, and 3) visited a place where drugs and other substances were unlawfully sold.

In July 2006, counsel for Elliott filed a motion to suppress certain statements that Elliott purportedly made to the police on February 5, 2006. Counsel argued that the officers interrogated Elliott without giving him the Miranda warnings. At the beginning of the revocation hearing in September 2006, the State stipulated that the alleged statements would not be admissible as substantive evidence to prove the probation violations. The State, however, indicated that it would consider those statements admissible for the purpose of impeachment.

At the hearing, the State called Elliott as its last witness. The State

informed the court that there was no substantive charge pending, and the court stated that Elliott would be immune from the use of his testimony in the future. While he was on the stand, and over the objection of counsel, Elliott was asked whether he had been smoking or using cocaine the night in question. Elliott denied that he did. On rebuttal, the State recalled one of its witnesses, a police officer, who had questioned Elliott on the scene. Over the objection of counsel, the police officer said that Elliott had told him that he was smoking narcotics.

The court found that Elliott had violated the three conditions of his probation, as alleged. The court sentenced Elliot to fifty years imprisonment. After an unsuccessful direct appeal, as well as attempts at obtaining post-conviction relief in state court, Elliott filed a 28 U.S.C. § 2254 petition in the district court, in which he asserted two grounds for habeas relief. First, he argued that the state court erred in allowing the State to introduce evidence of the statements that were made in violation of Miranda. Second, he asserted that his counsel was ineffective in failing to file a motion to suppress the physical evidence that was introduced at the revocation hearing.

The district court denied Elliott's petition, but granted a certificate of appealability (COA) "as to the issue of whether [Elliott] was improperly impeached with a suppressed statement after being called as a state witness." This

3

appeal followed.

## II.

We review de novo a district court's denial of a habeas petition. Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010). The district court's factual findings are reviewed for clear error, while mixed questions of law and fact are reviewed de novo. Id. If a state court has adjudicated a claim on the merits, then the federal courts are precluded from granting habeas relief on that claim unless the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrase "clearly established Federal law" refers to Supreme Court holdings in effect at the time of the state court decision. Ward, 592 F.3d at 1155. "A state court decision is an unreasonable application of clearly established law if the state court unreasonably extends . . . a clearly established legal principle to a new context." Id. (quotation marks omitted). Under Section 2254(d), "an unreasonable application of federal law is different from an incorrect application

4

of federal law." Guzman v. Sec'y, Dep't of Corr., 663 F.3d 1336, 1346 (11th Cir. 2011) (quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Id. (quotation marks omitted). Also, a habeas petition will be granted only if the constitutional violation "resulted in actual prejudice." Id. at 1347 (quotation marks omitted). "The alleged error must have had a substantial and injurious effect or influence" on the outcome of the state court proceedings. Id. (quotation marks omitted).

### III.

Elliott argues that the state court erred in allowing him to be impeached with statements that were obtained in violation of Miranda. The state court held that those statements could be used for impeachment purposes in light of the Supreme Court's decision in Harris v. New York, 401 U.S. 222, 91 S. Ct. 643 (1971). We are unable to say that this amounted to an "unreasonable application" of Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

In Harris, the Supreme Court held that a statement obtained in violation of Miranda could be used to impeach the testimony of a criminal defendant, so long as the statement was not involuntary. See 401 U.S. at 224–26, 91 S. Ct. at 645–46. Since then, the Supreme Court has consistently reaffirmed that holding. See, e.g.,

5

Oregon v. Hass, 420 U.S. 714, 720–23, 95 S. Ct. 1215, 1220–21 (1975); see also

Michigan v. Harvey, 494 U.S. 344, 350, 110 S. Ct. 1176, 1180 (1990) ("We have

already decided that although statements taken in violation of only the

prophylactic Miranda rules may not be used in the prosecution's case in chief, they

are admissible to impeach conflicting testimony by the defendant.").

Elliott seems to suggest that Harris is distinguishable because, unlike the

defendant in that case, he did not voluntarily take the stand. See Harris, 401 U.S.

at 225, 91 S. Ct. at 645. We do not find this to be a far-fetched suggestion. In

Harris, the Supreme Court emphasized that the defendant had "voluntarily taken

the stand." Id. The Court stated that "[e]very criminal defendant is privileged to

testify in his own defense. . . . But that privilege cannot be construed to include

the right to commit perjury." Id. The Court therefore concluded that the

prosecution could "utilize the traditional truth-testing devices of the adversary

process," including the use of a prior inconsistent statement. Id. at 225, 91 S. Ct.

at 645–46.

The Supreme Court, however, has not clearly established that, at a

revocation hearing, a defendant who does not otherwise face a threat of criminal

prosecution can claim the privilege against self-incrimination in order not to serve

as a witness against himself.[1] Against this background, a fairminded jurist could

conclude that the holding of Harris extends to the testimony of such a defendant.

Indeed, the Supreme Court has stressed that "arriving at the truth is a fundamental

goal of our legal system." United States v. Havens, 446 U.S. 620, 626, 100 S. Ct.

1912, 1916 (1980). The Court has observed that, regardless of how a witness

arrives at the stand, that person is under the obligation to "testify truthfully." Id.

In light of this, a fairminded jurist could conclude that, even if a defendant takes

the stand involuntarily, "the shield provided by Miranda [should] not to be

perverted to a license to testify inconsistently, or even perjuriously." Hass, 420

U.S. at 722, 95 S. Ct. at 1221.

In sum, we cannot say that "the state court unreasonably extend[ed]" the

holding of Harris when it allowed the State to use Elliott's statements for

---

[1] Elliott suggests that the State could not call him to testify without violating his Fifth Amendment privilege against self-incrimination. However, Supreme Court decisions do not provide a "clear answer" as to this issue. Wright v. Van Patten, 552 U.S. 120, 126, 128 S. Ct. 743, 747 (2008). It is true that the Supreme Court has consistently emphasized that, if the state seeks to obtain a statement in order to achieve a punitive purpose, then the privilege against self-incrimination applies. See Mitchell v. United States, 526 U.S. 314, 325–27, 119 S. Ct. 1307, 1313–14 (1999); Estelle v. Smith, 451 U.S. 454, 462–63, 101 S. Ct. 1866, 1872–73 (1981); In re Gault, 387 U.S. 1, 47–51, 87 S. Ct. 1428, 1454–56 (1967). On the other hand, however, the Supreme Court has stated that a revocation proceeding "is not a criminal proceeding" and that, as a result, "the privilege against compelled self-incrimination [is not] available to a probationer," insofar as he seeks to avoid "the termination of probation." Minnesota v. Murphy, 465 U.S. 420, 435 n.7, 104 S. Ct. 1136, 1146 n.7 (1984); see also Allen v. Illinois, 478 U.S. 364, 372, 106 S. Ct. 2988, 2994 (1986). In light of these different statements, "fairminded jurists could disagree" as to the proper resolution of this issue. Guzman, 663 F.3d at 1346 (quotation marks omitted).

7

impeachment purposes, even though they had been obtained in violation of Miranda. Ward, 592 F.3d at 1155 (quotation marks omitted). The district court therefore did not err in rejecting this as a ground for habeas relief under 28 U.S.C. § 2254(d).

IV.

On appeal, Elliott also advances his claim regarding ineffective assistance of counsel. However, the district court granted a COA only as to Elliot's claim of a Miranda violation, and Elliott has not moved this Court to expand the COA. Under 28 U.S.C. § 2253, our review of the district court's decision is limited to the specific issue that is presented in the COA. See Hodges v. Att'y Gen., State of Fla., 506 F.3d 1337, 1340–42 (11th Cir. 2007). Of course, we have recognized that "in an extraordinary case," we may expand a COA, after briefing is completed, to consider an issue that is related to that "on which the COA was granted." Id. at 1341. We do not find this to be such a case, however.

V.

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**