**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL D. NUNLEY, II, | No. 12-16390 |
| Petitioner - Appellant, | D.C. No. 2:11-cv-00607-KJM-EFB |
| v. | |
| FRED FOULK, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted September 10, 2014**
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Michael Nunley, II, appeals the dismissal of his habeas corpus petition. We have jurisdiction over this appeal under 28 U.S.C. § 2253 and affirm.

1.      A federal habeas court may not grant relief to a state prisoner on a claim already "adjudicated on the merits in State court," unless the adjudication "resulted

---

*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Nunley argues that his Sixth Amendment claim was not adjudicated on the merits by the California Court of Appeal. We must presume, however, that the Court of Appeal adjudicated that claim on the merits even though it did not directly address it. *Johnson v. Williams*, 133 S. Ct. 1088, 1096 (2013). This "presumption is a strong one that may be rebutted only in unusual circumstances," which are not presented here. *Id.*

2.    A state court decision does not contradict or unreasonably apply clearly established federal law if no Supreme Court holding squarely addresses a defendant's claim. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008). No Supreme Court opinion holds that where, as here, a defendant voluntarily testifies that his former attorney did not notify him of forensic test results, the Sixth Amendment forbids the attorney from being compelled to testify about that issue. There is no clearly established federal law contradicting the California appellate court's conclusion that Nunley waived any attorney-client privilege as to whether his former counsel had informed him of the DNA test results.

**AFFIRMED**.