**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL RANDAL WARZEK,

Petitioner - Appellant,

v.

FRANK X. CHAVEZ,

Respondent - Appellee.

No. 13-16335

D.C. No. 4:10-cv-02632-PJH

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 8, 2014**
San Francisco, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and NAVARRO, Chief
District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gloria M. Navarro, Chief United States District Judge
for the District of Nevada, sitting by designation.

Petitioner Michael Warzek appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and affirm.

We reject Warzek's argument that the trial court's admission of evidence related to his possession of child pornography violated his federal due process rights. Because the Supreme Court has left open the question of whether the admission of propensity evidence violates due process, *see Alberni v. McDaniel*, 458 F.3d 860, 866–67 (9th Cir. 2006), the trial court's admission of the pornographic images cannot amount to an unreasonable application of clearly established Federal law, s*ee Wright v. Van Patten*, 552 U.S. 120, 126 (2008).

We likewise reject Warzek's claim that the trial court violated his constitutional rights by allowing the government to cross-examine him about the child pornography found on his personal computer. It was not objectively unreasonable for the state court to conclude that the prosecutor's questions were "reasonably related" to Warzek's direct examination, where he categorically denied committing any sexual offense against the victim. *See Ohler v. United States*, 529 U.S. 753, 759 (2000).

Warzek's ineffective assistance of counsel claim likewise fails because he cannot show that he is entitled to relief given the deference to *Strickland* claims

2

reviewed under AEDPA.  *See Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 788 (2011).  The state court of appeal held that "since all of the challenged questions related to the computer expert's investigation and testimony, trial counsel could reasonably have failed to object because he held no doubt that the prosecutor" was permitted to ask the questions under state law.  Because this court must deny relief if "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard," the state court's stated rationale supports affirming the district court's denial of Warzek's ineffective assistance of counsel claim.  *Richter*, 131 S. Ct. at 788.

    **AFFIRMED**.