**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL ELIAS SANCHEZ, | No.   15-56369 |
| Petitioner-Appellant, | D.C. No. 5:13-cv-01448-MMM-VBK |
| v. | |
| JEFFREY A. BEARD, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted November 13, 2018[**]
Pasadena, California

Before:  GOULD and MURGUIA, Circuit Judges, and AMON,[***] District Judge.

Joel Sanchez was convicted in California state court of second-degree murder

for the shooting and killing of Manuel Torres. In this habeas petition, Sanchez

challenges the exclusion of a toxicology report during his murder trial. The

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

toxicology report showed that Torres was under the influence of methamphetamine and alcohol at the time of the shooting. Without offering any expert testimony to explain the toxicology results, Sanchez sought to introduce the report to corroborate his claim of self-defense that he shot a "crazed" and "maniacal" Torres out of fear for his own life. Sanchez unsuccessfully appealed the trial court's evidentiary ruling. We have jurisdiction under 28 U.S.C. §§ 1291 and 2254, and we affirm.

Our review of the state court's decision denying Sanchez's appeal is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254(d). Sanchez argues that the toxicology report constituted "critical" evidence that directly corroborated his self-defense theory. He claims that the exclusion of the report violated his constitutional right to present a complete defense, and was therefore contrary to, and an unreasonable application of, Supreme Court precedent.

However, unlike the excluded evidence in *Chambers v. Mississippi*, 410 U.S. 284 (1973), which directly corroborated the defendant's main defense that a third party in fact had killed the victim, the toxicology report in this case by itself provided little support to Sanchez's theory that he shot Torres in self-defense. Sanchez wanted the jury to infer and speculate, based solely on the toxicology results, that the amount of drugs and alcohol in Torres's body caused Torres to act in an aggressive manner, justifying Sanchez to shoot Torres out of fear. Yet, Sanchez offered no expert testimony and no evidence to suggest that it is common knowledge that the combined effect of methamphetamine and alcohol causes an individual to act aggressively or

2

violently. This is not the type of "critical, corroborative" evidence the Supreme Court has held leads to a constitutional violation when erroneously excluded. *DePetris v. Kuykendall*, 239 F.3d 1057, 1062 (9th Cir. 2001) (citing *Chambers*, 410 U.S. at 302 and *Washington v. Texas*, 388 U.S. 14, 18–19 (1967)).

Even assuming the toxicology report constituted relevant defense evidence, Sanchez still fails to overcome AEDPA deference. The Supreme Court has never held that evidence excluded on relevancy grounds violates a defendant's constitutional rights. *Holmes v. South Carolina*, 547 U.S. 319, 326–27 (2006) ("While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose . . . , we have stated that the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues.") (internal quotation marks and citations omitted; alterations incorporated). Thus, the state appellate court's decision to affirm the trial court's evidentiary ruling "cannot be contrary to or an unreasonable application of clearly established Supreme Court precedent." *Moses v. Payne*, 555 F.3d 742, 759 (9th Cir. 2009) (citing *Wright v. Van Patten*, 552 U.S. 120, 124–26 (2008)).

**AFFIRMED.**