09-4812-pr
Jenkins v. Brown

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

Present: AMALYA L. KEARSE,
ROBERT D. SACK,
ROBERT A. KATZMANN,
*Circuit Judges*.

_____

NORI JENKINS,

*Petitioner-Appellant*,

- v. -                              No. 09-4812-pr

DAWSON BROWN, Superintendent Sing Sing
Correctional Facility,

*Respondent-Appellee*.

_____

For Petitioner-Appellant:        Stephen N. Dratch, Franzblau Dratch, P.C., New York, N.Y.

For Respondent-Appellee:         Leonard Joblove, Assistant District Attorney (Victor Barall, Thomas M. Ross, Assistant District Attorneys, *of counsel*), *for* Charles J. Hynes, District Attorney, Kings County, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Nori Jenkins appeals from a judgment dated September 10, 2009, by the United States District Court of the Eastern District of New York (Block, *J.*), denying Jenkins' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). On February 4, 2005, Jenkins was convicted, following a jury trial, of burglary in the second degree pursuant to New York Penal Law § 140.25[2]. He was sentenced to the maximum term of fifteen years' imprisonment. After exhausting his appeals in state court, on February 25, 2009, Jenkins brought this petition for a writ of habeas corpus. After the district court denied the petition and a certificate of appealability, Jenkins moved in this Court for a certificate of appealability, which we granted on the sole issue of "whether Appellant was unconstitutionally deprived of his right to testify in his own defense." U.S.C.A. dkt. sht. No. 09-4812-pr, Entry Mar. 24, 2010 (granting motion for certificate of appealability on right to testify and denying motion and dismissing appeal in all other respects). We assume the parties' familiarity with the remaining facts and the procedural history of the case, which we reference only as necessary to explain our decision.

We review a district court's denial of a petition for a writ of habeas corpus *de novo*, and its findings of fact for clear error. *Mannix v. Phillips*, 619 F.3d 187, 195 (2d Cir. 2010). Because the New York Appellate Division's ruling indicated that Jenkins' claim that he was deprived of his constitutional right to testify was "without merit," Resp't-Appellee Br. 27, this case falls under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See McKethan v. Mantello*, 522 F.3d 234, 237-38 (2d Cir. 2008) (per curiam) (finding that Appellate

2

Division's conclusion that the claims were "either without merit or involve[d] matters outside the record which cannot be considered on direct appeal from the judgment of conviction" to constitute adjudication on the merits (alteration in original) (internal quotation marks omitted)). Under the amendment to federal habeas corpus relief enacted as part of AEDPA,

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

On appeal, Jenkins argues principally that the trial court erred in construing Jenkins' requests for competency evaluations during the state court proceedings and his claimed inability to testify on his own behalf as deliberate efforts to impede the trial. Accordingly, he argues that the trial judge's refusal to grant him a continuance to testify on his own behalf unfairly deprived him of his constitutional right to testify.

The first issue we consider is whether the trial court's determination that Jenkins was attempting to delay the trial was an "unreasonable determination of the facts" under AEDPA. State court factual findings are presumed to be correct, and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). On February 4, 2005, petitioner was called to the stand, and, when questioned by his counsel, he complained of nausea and indicated his unwillingness to proceed. Viewing Jenkins' behavior as a tactical maneuver to delay the trial and garner sympathy with the jury, the trial court dismissed Jenkins as a witness and ordered defense counsel to begin summations.

3

Jenkins has not provided clear and convincing evidence that his behavior was not an effort to delay the proceedings, and we agree with the district court that "[t]he trial judge was in a superior position to observe Jenkins's demeanor." *Jenkins v. Brown*, No. 09-CV-828 (FB), 2009 WL 2957316, at *5 (E.D.N.Y. Sept. 15, 2009). Although the initial two competency evaluations pursuant to New York Criminal Procedure § 730.30 found defendant unfit to proceed, a later evaluation by another physician from Kirby Forensic Psychiatric Center found him fit to proceed and suggested Jenkins was malingering, and, furthermore, that Jenkins had an incentive to delay the trial in order to obtain a better resolution in his case. Throughout the case, Jenkins repeatedly requested additional § 730.30 competency examinations, which the trial court granted and which also found him fit to proceed. Hence, the trial court stated on the record on several occasions that defense counsel and defendant had engaged in tactics designed to disrupt the trial. Accordingly, we find that the trial court's determination that Jenkins' behavior on the witness stand was another instance in a long-standing pattern to delay the trial was not unreasonable.

We next consider whether the trial judge's refusal to grant a continuance under these circumstances was "an unreasonable application of" Supreme Court law regarding the right to testify. Where "a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits," a habeas court must "focus its review on whether the state court's ultimate decision was an unreasonable application of clearly established Supreme Court precedent." *Wilson v. Mazzuca*, 570 F.3d 490, 499 (2d Cir. 2009) (quoting *Eze v. Senkowski*, 321 F.3d 110, 125 (2d Cir. 2003)) (internal quotation marks omitted).

4

To determine whether the state court engaged in an unreasonable application of Supreme Court law, we must first ascertain whether there was "clearly established" law. Under 28 U.S.C. § 2254(d)(1), "clearly established Federal law" as determined by the Supreme Court "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court reviewing a habeas petition looks for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).

It is clearly established federal law that a criminal defendant has a constitutional right to testify at trial. *Rock v. Arkansas*, 483 U.S. 44 (1987). The Supreme Court has located this right in the Due Process Clause of the Fifth and Fourteenth Amendments, and the Compulsory Process Clause of the Sixth Amendment. *Id.* at 51-52; *see also Brown v. Artuz*, 124 F.3d 73, 76-79 (2d Cir. 1997) (summarizing development of right to testify). Although few Supreme Court decisions have elucidated the contours of the right to testify, the right to testify is not absolute and may "bow to accommodate other legitimate interests in the criminal trial process." *Rock*, 483 U.S. at 55 (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)) (internal quotation marks omitted). However, "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve." *Id.* at 55-56.

Since the right to testify is clearly established federal law, we next consider whether there was an unreasonable application of that law in the particular circumstances of this case. If the state court relies on the correct law or legal standard but "unreasonably applies it to the facts of the particular state prisoner's case," *Williams*, 529 U.S. at 407, the writ may be granted. As the Supreme Court stated in *Yarborough v. Alvarado*, 541 U.S. 652 (2004),

5

> [t]he term "'unreasonable'" is "a common term in the legal world and, accordingly, federal judges are familiar with its meaning." At the same time, the range of reasonable judgment can depend in part on the nature of the relevant rule. If a legal rule is specific, the range may be narrow. Applications of the rule may be plainly correct or incorrect. Other rules are more general, and their meaning must emerge in application over the course of time. Applying a general standard to a specific case can demand a substantial element of judgment. As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

*Id.* at 663-64 (citation omitted) (quoting *Williams*, 529 U.S. at 410). Furthermore, "[f]or a state court to unreasonably apply clearly established federal law under AEDPA, it is not enough that a federal court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, some increment beyond error is required." *Eze*, 321 F.3d at 125 (internal quotation marks and citations omitted).

We conclude that it was not an unreasonable application of clearly established federal law for the state trial court to refuse to grant Jenkins a continuance, where Jenkins had repeatedly attempted to delay the proceedings or to force a mistrial. Where the Supreme Court's cases "give no clear answer to the question presented, . . . 'it cannot be said that the state court "unreasonabl[y] appli[ed] clearly established Federal law."'" *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam) (alterations in original) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (quoting 28 U.S.C. § 2254(d)(1))).

We have considered Jenkins' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6