MEMORANDUM *
The state appellate court did not make “an unreasonable determination of the facts in light of the evidence presented in the State court proceeding” in concluding that the trial court did not err in crediting the prosecutor’s race-neutral explanations for striking three jurors.[1] 28 U.S.C. § 2254(d)(2); see also Rice v. Collins, 546 U.S. 338, 339, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006). Given that the “evaluation of the prosecutor’s state of mind based on demeanor and credibility lies ‘peculiarly within a trial judge’s province,’ ” Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion) (quoting Wainwright v. Witt, 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985)), and “[sjtate court factual findings ... are presumed correct,” Rice, 546 U.S. at 338-39, 126 S.Ct. 969, the state court was not objectively unreasonable in crediting the prosecutor’s statements that: (1) he struck Mr. L because he was inexperienced and soft-spoken; (2) he struck Ms. W because her past experiences with crime and the police made it possible that she might harbor bias against law enforcement; and (3) he struck Ms. D because, among other things, she provided a “resounding yes” to the question of whether she had a negative experience with law enforcement.[2]
*668 Nor can Taylor prevail on his argument that jurors whom the prosecutor did not challenge were comparable to the challenged jurors, because the state court’s conclusion to the contrary was not objectively unreasonable. See Cook v. LaM-arque, 593 F.3d 810, 826 (9th Cir.2010). While Taylor raises grounds to question the prosecutor’s credibility regarding his reasons for striking the jurors, the Supreme Court has recently instructed, “[rjeasonable minds reviewing the record might disagree about the prosecutor’s credibility, but on habeas review that does not suffice to supersede the trial court’s credibility determination.” Rice, 546 U.S. at 341-42, 126 S.Ct. 969. Taylor’s Batson claim therefore fails.[3]
The state appellate court was not objectively unreasonable in interpreting the trial court’s instructions to the jury regarding the “large box at the doorway to this courtroom” as telling jurors to put aside biases and prejudices rather than to ignore life experiences. See 28 U.S.C. § 2254(d)(2). The state appellate court’s rejection of Taylor’s claim that these instructions violated his Sixth Amendment right to a fair trial was not contrary to any Supreme Court precedent that “squarely addresses” the issue in this case. Wright v. Van Patten, 552 U.S. 120, 125, 128 S.Ct. 743, 169 L.Ed.2d 583 (2008) (per curiam). To the extent Supreme Court cases establish a “general standard” that defendants are entitled to a jury whose members are not stripped of their common sense, the state appellate court reasonably exercised its greater latitude to determine that the trial court’s instruction did not violate this general standard. Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). Accordingly, we reject Taylor’s challenge to the state appellate court’s denial of his Sixth Amendment fair trial claim.
We also reject Taylor’s argument that the state appellate court erred in denying his claim that his due process rights were violated by jury instructions that “‘[a] willful or wanton disregard for the safety of persons or property includes, but is not limited to ... three or more Vehicle Code violations.’ ” The state appellate court’s determination that this language defines a new felony (the act of committing three or more moving violations or causing property damage while fleeing a peace officer, see Cal. Veh.Code. § 2800.2(b)), and does not create a mandatory presumption, is not contrary to Supreme Court precedent. See Francis v. Franklin, 471 U.S. 307, 313-15, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985).
Finally, the state appellate court’s denial of Taylor’s claim that his due process rights were violated by the trial court’s failure to instruct the jury, sua *669 sponte, on which underlying traffic violations result in “points” was not contrary to clearly established Supreme Court precedent. Given that the violations at issue did result in points, and it was not disputed that defendant caused property damage, this omission cannot be said to have “so infected the entire trial that the resulting conviction violates due process,” Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)) (internal quotation marks omitted). Thus, we also reject this due process claim.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The state appellate court assumed that Taylor had made a prima facie case of purposeful discrimination based on the prosecutor’s use of peremptory strikes, see Batson v. Kentucky, 476 U.S. 79, 96-97, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and thus focused on the question whether Taylor had carried his burden of proving purposeful discrimination on the part of the prosecutor.

. The dissent concludes, based on its own review of the record, that three of the prosecutor’s stated reasons with regard to Ms. D were "patently pretextual,” and therefore the prosecutor was partially motivated by race. Dissent Op. at 1. But AEDPA does not permit us to make our own credibility determinations. Rather, our standard is doubly deferential: unless the state appellate court was objectively unreasonable in concluding that a trial court’s credibility determination was not clearly erroneous, we must uphold it. Rice, *668 546 U.S. at 338-39, 126 S.Ct. 969. The dissent’s approach is contrary to Supreme Court precedent, and accordingly, we reject it. See id.', see also Harrington v. Richter, - U.S. -, 131 S.Ct. 770, 786-87, 178 L.Ed.2d 624 (2011).

. Because the state court could reasonably credit the prosecutor’s stated reason for striking Ms. D, the state court did not make an "unreasonable application” of Batson by noting an additional reason not raised by the prosecutor for rejecting the argument that Ms. D was comparable to other jurors. While the Supreme Court has held that a Batson challenge does not allow a court to come up with its own non-discriminatory reason for striking a juror when the prosecutor’s "stated reason does not hold up,” Miller-El v. Dretke 545 U.S. 231, 252, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005), here the prosecutor’s stated reason did "hold up.” The dissent concludes otherwise, but its de novo review is a far cry from the "doubly deferential” review contemplated by AEDPA. See Rice, 546 U.S. at 338-39, 126 S.Ct. 969.