FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH P. BECKER, | No. 11-55749 |
| Petitioner - Appellee, | D.C. No. 3:10-cv-01209- AJB |
| v. | |
| M. MARTEL, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted April 13, 2012
Pasadena, California

Before: SILVERMAN and RAWLINSON, Circuit Judges, and TUNHEIM, District Judge.[**]

Warden M. Martel appeals the district court's partial grant of inmate Joseph Becker's

28 U.S.C. § 2254 habeas petition. We review de novo, *Eslaminia v. White*, 136 F.3d 1234,

1236 (9th Cir. 1998), and reverse.

The California Court of Appeal held that the trial court did not need to re-advise

Becker of his right to counsel following the addition of further charges against him. Becker is

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, U.S. District Judge for the District of Minnesota, sitting by designation.

not entitled to habeas relief because that decision was not "contrary to" or an "unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A criminal defendant may proceed without counsel "when he voluntarily and intelligently elects to do so." *Faretta v. California*, 422 U.S. 806, 807, 835 (1975) (holding that a defendant "should be made aware of the dangers and disadvantages of self-representation" to equip him to make the self-representation decision "with eyes open") (internal quotation marks omitted). Some courts have extended *Faretta*'s "voluntary and intelligent" waiver requirement to require re-advisal of the right to counsel following a substantial change in circumstances. *See, e.g.*, *United States v. Fazzini*, 871 F.2d 635, 643 (7th Cir. 1989). The Supreme Court, however, has not squarely addressed whether a substantial change in circumstances requires re-advisal of the right to counsel. "[W]hen a Supreme Court decision does not squarely address the issue in the case or establish a legal principle that clearly extends to a new context . . . it cannot be said, under AEDPA, there is a clearly established Supreme Court precedent addressing the issue before us[.]" *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (internal quotation marks, alterations, and citations omitted).

In the absence of a Supreme Court decision squarely addressing the issue, the question is whether the state court's decision involved an "unreasonable application" of the law. 28

U.S.C. § 2254(d)(1); *see also Moses*, 555 F.3d at 754 ("If the Court's decisions do provide a 'controlling legal standard,' . . . the question is then whether the application of that standard was objectively unreasonable . . . .") (quoting *Panetti v. Quarterman*, 551 U.S. 930, 953 (2007)). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Because the Supreme Court has not squarely established that, after a valid *Faretta* waiver, criminal defendants must be re-advised of the right to counsel following the addition of new charges against them, the California Court's decision was not unreasonable.[1]

The district court therefore erred in granting habeas relief. *See Wright v. Van Patten*, 552 U.S. 120, 126 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law.") (internal quotation marks and citations omitted).

**REVERSED.**

---

[1] Moreover, state courts have significant leeway in applying general rules, such as *Faretta*'s requirement that waiver be "voluntary and intelligent." *See Harrington*, 131 S. Ct. at 786. The California Court of Appeal's application of *Faretta* was not unreasonable under the circumstances because the record amply supports its conclusion that Becker remained cognizant of his representation rights throughout the proceedings. For example, Becker received documentation reflecting the additional charges and potential penalties, participated in proceedings where the facts underlying the charges were manifestly in issue, reasserted his desire to represent himself immediately prior to the first trial, and expressly stated to the jury in closing arguments that he could have had an attorney appointed, but chose not to.

3



***Becker v. Martel*, Case No. 11-55749**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.