TALLMAN, Circuit Judge,
dissenting:
I respectfully dissent from the panel’s decision to remand this case to the district court. The majority ignores AEDPA’s allocation of the burden of proof on the petitioner. See Lambert v. Blodgett, 393 F.3d 943, 969 n. 16 (9th Cir.2004). This decision reverses the statutory burden and shifts it to the State to disprove the unsupported claim. Further, remand for reconsideration is unnecessary because the decision of the California courts to deny habeas relief was objectively reasonable where the United States Supreme Court “has not squarely established that, after a valid Faretta waiver, criminal defendants must be re-advised of the right to counsel following the addition of new charges *844 against them.... ” Becker v. Martel, 472 Fed.Appx. 823, 824 (9th Cir.2012).
When the district court granted Duran habeas relief, the district court mistakenly-believed that the state trial judge who took the Faretta waiver on October 28, 2004, incorrectly advised Duran that he faced a maximum punishment of twenty years instead of life imprisonment. The parties now agree that at that time Duran was facing a single count with a maximum punishment of twenty years and that he was correctly advised when he waived counsel. He was also expressly warned that he would be responsible for all consequences in the future of his decision to represent himself. It was only after the amended information was filed on January 13, 2005, adding several additional counts that Duran was exposed to a maximum term of life imprisonment. That is an inherent risk in a criminal prosecution which Duran agreed to take by demanding to be his own lawyer.
We must remain true to the constrictions of AEDPA. Even if the district court’s understanding of the facts had been correct, our determination of whether the California Supreme Court’s denial of Duran’s Faretta claim was based on “an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States,” 28 U.S.C. § 2254(d)(1), would remain unchanged. It is unchallenged that the Supreme Court has not squarely addressed whether a criminal defendant, after a valid Faretta waiver, must be re-advised of the right to counsel following a substantial change in circumstances. Becker, 472 Fed.Appx. at 824. An evidentiary hearing on remand will not change the result in this case. Any new factual findings on remand regarding Duran’s January 14, 2005, arraignment, including whether the state trial judge advised Duran that he faced a maximum term of life imprisonment, would not alter the “unreasonable application” analysis of the California Supreme Court’s denial of the Faretta claim when the knowing and voluntary waiver was previously taken by the San Diego County Superior Court.
Duran bears the burden of establishing entitlement to habeas relief on his Faretta claim and in light of the foregoing analysis he failed to carry that burden, notwithstanding any new factual findings that might be made regarding his January 14, 2005, arraignment. Because a remand to the district court could not ultimately yield a successful Faretta claim, I would vacate the district court’s grant of the writ and remand with instructions to deny federal habeas relief. I respectfully dissent.