[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12885
Non-Argument Calendar

_____

D.C. Docket No. 4:19-cv-00201-RH-EMT

AKIL TYMES,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee,

STATE OF FLORIDA,

Respondent.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 10, 2021)

Before NEWSOM, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Akil Tymes, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition. This court issued Tymes a certificate of appealability ("COA") on one issue: Whether Mr. Tymes's trial counsel provided ineffective assistance of counsel by not fully advising Tymes on the state's plea offer. Specifically, Tymes argues that his counsel rendered deficient performance because his counsel did not advise Tymes to accept the plea offer when they learned that the victim was testifying at trial. Tymes contends that his counsel had a professional duty to tell him to accept or reject the plea offer and, because his counsel did not, his performance was deficient. On appeal, Tymes argues that the state post-conviction court's decision that his counsel did not perform deficiently in this regard was contrary to, or involved an unreasonable application of, clearly established federal law set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). After reading the parties' briefs and reviewing the record, we affirm the district court's order denying Tymes relief on his 28 U.S.C. § 2254 petition.

## I.

When examining a district court's denial of a § 2254 habeas petition, we "review questions of law and mixed questions of law and fact *de novo*, and

2

findings of fact for clear error." *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005). The district court's determination that the state court decision was reasonable is reviewed *de novo*. *Id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant habeas relief with respect to a claim adjudicated in state court if the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). "A state court acts contrary to clearly established federal law if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court of the United States and nevertheless arrives at a result different from its precedent." *Reese v. Sec'y, Fla. Dep't of Corr.*, 675 F.3d 1277, 1286 (11th Cir. 2012) (quotation marks omitted). A state court's decision is based on an unreasonable application of clearly established federal law if it "identifies the correct governing legal rule but unreasonably applies it to the facts of the particular state prisoner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Id.* (quotation marks omitted). "[C]learly established law" under § 2254(d) refers to

3

the holdings of the Supreme Court at the time of the relevant state court decision. *Yarborough v. Alvarado*, 541 U.S. 652, 660-61, 124 S. Ct. 2140, 2147 (2004). Where the Supreme Court has "give[n] no clear answer, . . . it cannot be said that the state court unreasonably applied clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126, 128 S. Ct. 743, 747 (2008) (quotation marks omitted and alterations adopted).

"The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 1939 (2007). "A state court's application of federal law is not unreasonable so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Kilgore v. Sec'y, Fla. Dep't of Corr.*, 805 F.3d 1301, 1312 (11th Cir. 2015) (citations omitted). When the final state court to adjudicate the merits of a petitioner's claim simply affirms or denies a lower court's decision without explaining its reasoning, the federal habeas court should "look through" to the last reasoned state court decision and assume that the unexplained decision adopted that reasoning. *Wilson v. Sellers*, ___ U.S. ___, 138 S. Ct. 1188, 1192 (2018).

Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

4

presumption of correctness by clear and convincing evidence." 28 U.S.C.

§ 2254(e)(1). A state court's implicit factual findings are also entitled to

deference. *See Blankenship v. Hall*, 542 F.3d 1253, 1272 (11th Cir. 2008)

(explaining, in the context of deference under § 2254(d)(2), that federal courts

should "make the common sense judgment that material factual issues were

resolved by the trial court in favor of the judgment when it was reasonable for that

court to have done so in light of the evidence" (citation omitted)).

The Sixth Amendment guarantees criminal defendants the right to effective

assistance of counsel. U.S. Const. amend. VI. To succeed on a claim of

ineffective assistance of counsel, a defendant must show that (1) counsel's

performance was deficient, and (2) the deficient performance prejudiced his

defense. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Failure to establish either

prong is fatal. *Id.* at 697. When analyzing an ineffective-assistance claim under

§ 2254(d), our review is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86,

105, 131 S. Ct. 770, 778 (2011). Thus, "the question is not whether counsel's

actions were reasonable," but "whether there is any reasonable argument that

counsel satisfied *Strickland*'s deferential standard." *Id.*

Defense counsel's performance is measured under an objective standard of

reasonableness, where courts consider whether counsel's conduct falls within the

wide range of reasonable performance and presume that counsel rendered adequate

5

assistance. *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Deficient performance "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. As to the prejudice prong, the defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

The right to effective assistance of counsel extends to pretrial proceedings, and a defendant may bring a *Strickland* claim based on his counsel's performance during plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 140, 132 S. Ct. 1399, 1402 (2012). Under *Frye*, defense counsel must relay formal plea offers to a defendant, and counsel's failure to do so constitutes constitutionally deficient performance. *Id.* at 145-47, 132 S. Ct. at 1408-09. To show prejudice when a defendant rejects a plea offer,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that [(1)] the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), [(2)] that the court would have accepted its terms, and [(3)] that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 566 U.S. 156, 164, 132 S. Ct. 1376, 1385 (2012). The Court has also recognized that a defendant "has the ultimate authority to determine whether

6

to plead guilty." *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 560 (2004) (quotation marks omitted).

## II.

The record indicates that Tymes was charged in a second amended information with armed robbery with a firearm, possession of a firearm by a convicted felon, and aggravated battery with a firearm. The count of armed robbery and aggravated battery were committed against Jermaine Shaw. Before jury selection, Tymes's counsel, Mutaquee Akbar, requested permission from the court to interview Shaw before he testified because Shaw did not appear for his deposition and had arrived in town the previous afternoon. Akbar also placed the terms of the state's plea offer on the record, explaining that Tymes was facing a mandatory-minimum sentence of 25 years' imprisonment, that the state had offered a 10-year plea, and that Tymes was rejecting the plea offer. The court entered the following exchange with Tymes:

> THE COURT:          Okay. So Mr. Tymes, do you understand what Mr. Akbar just said about the maximum and minimum mandatory and the plea offer and everything?
> THE DEFENDANT:     Yes, ma'am.
> THE COURT:          Okay. And have you had enough time to discuss that with Mr. Akbar?
> THE DEFENDANT:     Yes, ma'am.
> THE COURT:          And you're not interested in the ten year offer?
> THE DEFENDANT:     No, ma'am.

(R. Doc. 12-1, pp. 107-08; Supp. App'x, pp. 85-86.)

7

After the trial, the jury found Tymes guilty on all three counts. The trial court sentenced him to a total of 25 years' imprisonment. Tymes appealed, and the Florida District Court of Appeal affirmed *per curiam*. *See Tymes v. State*, 151 So.3d 1239 (Fla. Dist. Ct. App. 2014). Tymes subsequently filed a Rule 3.850 motion for state post-conviction relief, claiming that his trial counsel was ineffective because he misadvised him about the favorable ten-year plea offer. The state post-conviction court held an evidentiary hearing at which both Tymes and Akbar testified. At the conclusion of the hearing, the court stated that both Tymes and Akbar knew that Shaw was present and available to testify and that Tymes informed the trial court that he had discussed the offer with Akbar and was rejecting it. The court found that Akbar did not render deficient performance, and Tymes could not demonstrate prejudice. In a written order, the court denied Tymes's Rule 3.850 motion, applied *Strickland*, and found that Tymes had shown neither deficient performance nor prejudice. Tymes appealed, and the Florida District Court of Appeal affirmed without a written opinion.

Tymes filed the instant § 2254 petition, arguing that the state post-conviction court misapplied *Strickland* and that its decision involved an unreasonable determination of the facts. A magistrate judge issued a report and recommendation ("R&R"), recommending that the district court deny Tymes's petition. The magistrate judge found that the state post-conviction court's decision was based on

8

a reasonable determination of the facts and a reasonable application of *Strickland*. The magistrate judge noted that the state court record showed that Akbar advised Tymes of the state's evidence, the strengths and weaknesses in the case, and his sentencing exposure. The record showed that although Akbar had initially advised Tymes to reject the plea offer when it was unclear whether Shaw would appear for trial, once he realized Shaw would testify, Akbar consulted with Tymes, who still chose to proceed to trial instead of accepting the offer. Thus, the magistrate judge found that the state post-conviction court reasonably concluded that Tymes did not show that Akbar performed deficiently during the plea negotiations.

Tymes objected to the R&R, arguing that the magistrate judge mischaracterized the evidence. After conducting a *de novo* review, the district court adopted the R&R, denied the petition, and denied Tymes's request for a COA. Tymes appealed, and this court granted a COA on the sole issue of whether trial counsel rendered deficient performance during the plea negotiations.

## III.

Based on our review of the record, we conclude that the district court properly denied Tymes habeas relief. Tymes has failed to show that the state post-conviction court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law because he fails to show that his counsel's performance was deficient under *Strickland*. Specifically, the record

9

shows that Akbar told Tymes of the strengths and weaknesses of the state's case, accurately conveyed the state's plea offer, advised Tymes that Shaw's failure to testify would be favorable to his case, and did not tell Tymes to accept or reject the plea. Moreover, the day of trial, Akbar again discussed the plea with Tymes, who chose to reject the plea even after learning that the victim was present and would testify.

Under these facts, we conclude that Akbar acted reasonably and did not render constitutionally deficient performance as to the plea negotiations. Akbar's failure to explicitly advise Tymes to accept the plea does not constitute deficient performance under clearly established federal law as there is no Supreme Court case holding that defense counsel has an obligation to advise defendants to accept a favorable plea. Moreover, Akbar complied with *Frye* because as the record shows, Akbar disclosed the state's plea offer and discussed it with Tymes. Because Tymes cannot demonstrate that the state court unreasonably applied *Strickland* in denying his claim, the district court properly denied Tymes habeas relief.

For the aforementioned reasons, we affirm the district court's order denying Tymes habeas relief.

**AFFIRMED.**