NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES EDWARD LUCKETT, Petitioner-Appellant, v. ROBERT NEUSCHMID, Warden, Respondent-Appellee. | No. 21-15391 D.C. No. 4:18-cv-07670-HSG MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted February 15, 2024
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Habeas petitioner Charles Luckett appeals the district court's order which denied his petition for habeas corpus. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We review the district court's denial of habeas relief de novo. *Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The California Court of Appeal adjudicated Luckett's federal claim "on the merits," such that deference to the state court's decision is warranted under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[1] *See* 28 U.S.C. § 2254(d). Even when a state court does not explicitly address the federal claims raised by a defendant, a federal habeas court must "presume (subject to rebuttal) that the federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 293 (2013); *see Harrington v. Richter*, 562 U.S. 86, 99–100 (2011). We hold that Luckett has not rebutted that presumption.

The presumption applies here because the California Court of Appeal rejected Luckett's federal claim without expressly addressing it as a federal claim. Luckett claimed that his right to present a complete defense under federal and state law was violated because the state trial court excluded evidence relating to Luckett's brother. According to a police report, Luckett's brother was detained in a police perimeter near the crime scene shortly after the murder, but he was released after witnesses were unable to identify him. The California Court of Appeal rejected Luckett's argument that this evidence should have been admitted to prove third-party culpability, because the evidence did not satisfy California's rule for the admission

---

[1] Because the California Supreme Court denied Luckett's direct appeal without explanation, we "look through" to the California Court of Appeal's decision, as it is the "last related state-court decision that does provide a relevant rationale." *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

of third-party culpability established in *People v. Hall*, 718 P.2d 99 (Cal. 1986).[2] The court also rejected Luckett's argument that the evidence should have been admitted so that he could challenge the prosecution's DNA and eyewitness identification evidence. Without citing federal authority, the court held the evidence was too speculative to warrant its admission for those purposes, and that its exclusion did not implicate the due process right to present a defense. Accordingly, we must presume that Luckett's federal claim was adjudicated on the merits.

The presumption of adjudication on the merits may be rebutted by showing that the state court relied on a state standard that is less protective than the federal standard. *Williams*, 568 U.S. at 301–02. But Luckett has not shown that California's *Hall* standard for the admission of third-party culpability evidence is less protective than the federal standard. Luckett has not identified a Supreme Court precedent that contradicts *Hall*. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam) (holding that state courts need not cite Supreme Court cases "so long as neither the reasoning nor the result of the state-court decision contradicts them"). Furthermore, the

---

[2] In *Hall*, the California Supreme Court held that, to introduce evidence of third-party culpability, a defendant must proffer "direct or circumstantial evidence linking the third person to the actual perpetration of the crime." 718 P.2d at 104. The evidence must "be capable of raising a reasonable doubt of defendant's guilt," such that its probative value is not substantially outweighed by its adverse effects. *Id.* And under *Hall*, "evidence of mere motive or opportunity to commit the crime in another person, without more, will not suffice . . . ." *Id.* In sum, California does "not require that any evidence, however remote, must be admitted to show a third party's possible culpability." *Id.*

Supreme Court has acknowledged that the *Hall* standard and similar third-party culpability rules that require a sufficient connection between the third person and the crime "are widely accepted." *Holmes v. South Carolina*, 547 U.S. 319, 327, 327 n.* (2006).

Luckett also argues the presumption has been rebutted because the California Court of Appeal did not cite, discuss, or acknowledge federal law when it held that the exclusion of evidence for purposes other than third-party culpability (i.e., to undermine the prosecution's DNA and eyewitness identification evidence) did not implicate his due process right to present a defense. But in holding that the evidence was inadmissible to undercut the prosecution's DNA evidence, the court cited *People v. Babbitt*, a California Supreme Court case which relied on United States Supreme Court caselaw to hold the exclusion of speculative evidence did not violate a defendant's due process right to present a complete defense. 755 P.2d 253, 264–65 (Cal. 1988) (first citing *Washington v. Texas*, 388 U.S. 14 (1967); then citing *Chambers v. Mississippi*, 410 U.S. 284 (1973); and then citing *Crane v. Kentucky*, 476 U.S. 683 (1986)). We find it "difficult to imagine any panel of appellate judges reading [*Babbitt*] and passing on the propriety of" excluding the evidence relating to Luckett's brother "without realizing that such situations also bear on the federal constitutional right to [present a complete defense]." *See Williams*, 568 U.S. at 305.

Moreover, in holding that the evidence was inadmissible to undercut the

4

prosecution's identification evidence, the California Court of Appeal relied on general principles of relevance. California's rules of evidence "subsume[] the federal standard," *see id.* at 301, because the California and federal definitions of relevance are nearly identical. *Compare* Cal. Evid. Code § 210, *with* Fed. R. Evid. 401. The sole difference is that California additionally requires evidence to be relevant to a "disputed fact," but that distinction is irrelevant here, where the court's decision did not rest on whether the underlying fact was disputed.

Hence, the presumption that Luckett's federal claim was "adjudicated on the merits" is not rebutted, and so the California Court of Appeal's decision is entitled to AEDPA deference under § 2254(d).

2. The California Court of Appeal's decision to exclude Luckett's evidence was not "contrary to, or an unreasonable application of," clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). First, Luckett argues that the Supreme Court has clearly established that "arbitrary" evidentiary rules may unconstitutionally burden the right to present a complete defense. *E.g.*, *Holmes*, 547 U.S. at 324–31. According to Luckett, California's *Hall* standard is an arbitrary evidentiary rule. An arbitrary rule is one that "excluded important defense evidence but that did not serve any legitimate interests." *Id.* at 325. On the other hand, a state does not violate a criminal defendant's right to present a defense when it imposes "established rules of procedure and evidence designed to assure both fairness and

reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302; *see United States v. Scheffer*, 523 U.S. 303, 308 (1998) ("[R]ulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.").

As noted above, the Supreme Court has already determined that third-party culpability rules which require a sufficient connection between the third person and the crime *do* serve a legitimate purpose: "to focus the trial on the central issues by excluding evidence that has only a very weak logical connection to the central issues." *Holmes*, 547 U.S. at 330. *Holmes* held that a different third-party culpability rule was "arbitrary" and therefore violated the defendant's right to present a complete defense, because it required exclusion of such evidence, regardless its probative value, whenever the prosecution's evidence strongly supported a guilty verdict. *Id.* at 331. But in so holding, the Court distinguished "widely accepted," "well-established rules of evidence"—including *Hall* itself—that exclude third-party culpability evidence that "does not sufficiently connect the other person to the crime, as, for example, where the evidence is speculative or remote . . . ." *Id.* at 327 (quotation omitted), 327 n.*. Hence, *Hall* is not an arbitrary evidentiary rule.

Further, the record does not support a conclusion that the state court applied *Hall* "mechanistically"—i.e., that the *Hall* standard does not serve a legitimate purpose *in this case. See Chambers*, 410 U.S. at 302. Given that Luckett's counsel

6

represented to the trial judge that he had "no information that [Luckett's brother] committed this crime," one could reasonably conclude that the third-party culpability evidence "has only a very weak logical connection to the central issues," as *Holmes* contemplates is a permissible ground for exclusion. *See* 547 U.S. at 330.

Second, Luckett argues that improper exclusion of critical defense evidence is always unconstitutional. In addition to proving third-party culpability, Luckett argues that the evidence was critical to challenging the prosecution's DNA and identification evidence. For this argument, Luckett relies on general propositions about the right to present a complete defense. But general propositions are not enough under AEDPA; a Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context . . . ." *Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009) (alteration in original) (quoting *Wright v. Van Patten*, 552 U.S. 120, 123, 125 (2008)); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000) ("[T]he phrase 'clearly established Federal law' . . . refers to the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions . . . ."). Most of the Supreme Court cases Luckett cites hold that a defendant has the right to present reliable, *directly exculpatory* evidence. *E.g.*, *Chambers*, 410 U.S. at 294–303. These cases do not "squarely address" Luckett's right to present evidence about his brother, which is not directly exculpatory. *See Ayala v. Chappell*, 829 F.3d 1081, 1114 (9th Cir. 2016) (denying habeas relief where

7

the excluded evidence "supported defendant's theory of the case, [but] was not directly exculpatory like the confession in *Chambers*"). Luckett's other cases either involve an arbitrary rule, *e.g.*, *Holmes*, 547 U.S. at 324–31, or hold that the exclusion of the evidence in question was *not* unconstitutional, *e.g.*, *California v. Trombetta*, 467 U.S. 479, 485–91 (1984).

In sum, the Supreme Court has not clearly established that the exclusion of the evidence at issue resulted from the application of an arbitrary evidentiary rule or otherwise violated Luckett's right to present a complete defense. Hence, the state court's decision was not contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent.

**AFFIRMED.**